UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MATTHEW HUMPHREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:18-CV-311-TAV-HBG |
| | ) | |
| STEVE JONES, BRANDON ROBINSON, STEVE KENNEDY, DEVIN SHANNON, SGT. MOORE, and OFFICER DARTY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1], pro se complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 2], and motion to appoint counsel [Doc. 3]. For the reasons discussed below, Plaintiff's request to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**, Plaintiff's motion to appoint counsel [Doc. 3] will be **DENIED**, and this action will proceed only as to Plaintiff's Eighth Amendment excessive force claims against Defendants Robinson, Kennedy, and Darty in their individual capacities.

**I.     FILING FEE**

Under the Prison Litigation Reform Act ("PLRA"), any prisoner who files a complaint in a district court must tender the full filing fee or file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). On July 26, 2018,

Plaintiff submitted his application for leave to proceed *in forma pauperis* [Doc. 1], and it appears from his application that he lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED** and, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the Complaint was received.

Because Plaintiff is in custody at the Morgan County Correctional Complex ("MCCX"), he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(2), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum to MCCX to ensure that the custodian of Plaintiff's trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is **DIRECTED** to forward a copy of this Memorandum to the Court's financial deputy.

## II. BACKGROUND

Plaintiff filed his complaint under 42 U.S.C. § 1983 on July 26, 2018, for alleged violations of his constitutional rights occurring during his incarceration at MCCX [Doc. 2 p. 2]. Plaintiff alleges that on May 8, 2018, he was "instructed to ask [Defendant] Robinson by the unit Counsel[o]r to be moved back" to a housing unit [*Id.* at 4]. However, Plaintiff claims that after he asked, Defendant Robinson told Plaintiff that he was not moving him [*Id.*]. After Plaintiff responded, he claims that Defendant Robinson "blew upon on [him], pulling [him] in the office" [*Id.*]. Plaintiff then claims that Defendant Shannon placed him "in a choke hold," while Defendant Robinson "began to hit [him] in [his] ribs" [*Id.*]. Subsequently, Plaintiff alleges that Defendant Kennedy and Robinson choked him and placed him in handcuffs, while also shackling his ankles [*Id.*].

Next, Plaintiff claims that he was "escorted to intake . . . while being choked by the collar of [his] shirt" [*Id.*]. At this time, Plaintiff alleges that he "was handed over to Sgt. Moore and members of the green team," and "was taken to a remote cell inside intake and further beat by green team officers that were over seen by [Defendants] Steve Jones and Sgt. Moore" [*Id.*]. Plaintiff claims that as a result of the attack, he suffered a lacerated tongue and bruised ribs, as well as lost several teeth [*Id.*]. Further, Plaintiff alleges that he needs dental work and the State does not provide root canals, that he has been placed on a maximum security classification, that he has "no access to a legal library," and that he has "lost all of [his] property, pictures, mail, [and] legal mail" [*Id.* at 5]. Plaintiff seeks to be

appointed counsel, "rewarded money damages, as well as the offenders be served a[n] injunction" [*Id.*].

## III. ANALYSIS

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that they were deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, Plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

### B. Official Capacity Claims

Plaintiff brings claims against Defendants Robinson, Kennedy, and Darty in both their individual and official capacities, and against Defendants Moore, Shannon, and Jones in solely their official capacities [Doc. 2 p. 1]. The Sixth Circuit has made clear that a suit brought against a public, government official will not be construed as seeking damages against a defendant in his individual capacity unless the claim for individual liability is clearly and definitively set forth in the pleading. *Perlfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995); *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993). Generally, absent any indication a defendant is being sued in his individual capacity, courts

must assume the defendant is being sued only in his official capacity as an employee of the government entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). Therefore, because Plaintiff fails to indicate that his claims are brought against Defendants Moore, Shannon, and Jones in their individual capacities, his complaint solely sets forth claims against them in their official capacities.

A suit against a defendant in his official capacity is treated as an action against the governmental entity the officer represents. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992). In an action against a state officer acting in an official capacity, "the plaintiff seeks damages not from the individual officer, but from the entity from which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Defendants Jones, Robinson, Kennedy, Shannon, Moore, and Darty were officers at MCCX at all relevant times to the current action. Therefore, Plaintiff's official capacity claims are brought against Defendants in their official capacities as Tennessee Department of Correction ("TDOC") employees. *See Graham*, 473 U.S. at 166; *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

The Eleventh Amendment prohibits suits against a state in federal court for damages. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Thus,

it bars an action for damages in a federal court against a state, a state agency, or any of its employees in their official capacities, unless Congress has abrogated its sovereign immunity or the State has expressly waived it. *See Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983). Additionally, TDOC is an agency of the State of Tennessee and, as such, is entitled to Eleventh Amendment immunity. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988). Since § 1983 does not abrogate the Eleventh Amendment immunity of the states and their agencies, *Quern v. Jordan*, 440 U.S. 332, 320–45 (1979), and Tennessee has not waived its sovereign immunity with respect to § 1983 complaints, Plaintiff's claims against Defendants Jones, Robinson, Kennedy, Shannon, Moore, and Darty in their official capacities are barred by the Eleventh Amendment. *See Berndt*, 796 F.2d at 881.

Moreover, a state is not a "person" within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (stating "neither a State nor its officials acting in their official capacities are a 'person' under § 1983"). Therefore, "[t]he [MCCX] Officer Defendants sued for monetary damages in their official capacities as employees of the Tennessee Department of Corrections—an agency of the State of Tennessee—are not 'persons' within the meaning of § 1983 who are subject to suit." *Mann v. Cook*, No. 3:16-CV-537-HSM-CCS, 2017 WL 4052377, at *5 (E.D. Tenn. Sept. 13, 2017) (citing *Will*, 491

U.S. at 70–71 (1989)); *see also Brooks v. Celeste*, 39 F.3d 125, 129 (6th Cir. 1994) (citing *Will*, 491 U.S. at 71).

However, Plaintiff also seeks prospective injunctive relief against TDOC through his official-capacity suit against MCCX officials. Under the doctrine of *Ex Parte Young*, 209 U.S. 123, 159–60 (1908), Eleventh Amendment immunity does not bar a plaintiff from pursuing injunctive relief claims through an official capacity suit against a state official. *See Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (noting that the exception set forth in *Ex parte Young* allows for "actions against state officials sued in their official capacity for prospective injunctive or declaratory relief"). In addition, the Supreme Court has confirmed that although a state itself is not regarded as a "person" subject to liability under § 1983, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).

Although Plaintiff can proceed with an official capacity claim for injunctive relief, he must allege that the State was responsible for a violation of his constitutional rights due to a custom or policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Therefore, "[t]o state an official-capacity claim under § 1983 of the type that might entitle him to injunctive relief, the plaintiff needs to show that his claim is not based entirely on past acts, and that there is a direct causal link between the alleged constitutional violation and an official policy or custom adopted by the official makers of the policy with 'deliberate

8

indifference' toward the constitutional rights of persons affected by the policy or custom." *Green v. Howard*, No. 3:13-cv-20, 2013 WL 140609, at *5 (M.D. Tenn. Jan. 10, 2013) (citing *City of Canton v. Harris,* 489 U.S. 378, 388 (1989)). Here, Plaintiff has failed to identify any policy or custom on the part of the State, TDOC, or MCCX that resulted in a deprivation of his constitutional rights. Accordingly, Plaintiff is not entitled to injunctive relief for any claims brought against Defendants in their official capacities. Ultimately, Plaintiff's official capacity claims against Defendants Jones, Robinson, Kennedy, Shannon, Moore, and Darty fail to state a claim for relief under § 1983, and will be **DISMISSED**. As Plaintiff solely brings suit against Defendants Moore, Shannon, and Jones in their official capacities, Defendants Moore, Shannon, and Jones will be **DISMISSED** as Defendants to the present action.

### C. Excessive Force Claims

Under the Eighth Amendment, which applies to convicted prisoners, a correctional officer's conduct will be found to be cruel and unusual punishment "when the [ ] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). An Eighth Amendment excessive force claim has both a subjective and objective component. *Griffin v. Hardrick,* 604 F.3d 949, 953–54 (6th Cir. 2010).

Where an inmate challenges the use of force by prison guards, for the objective component to be met, the Court considers whether the pain inflicted was "sufficiently serious." *Williams,* 631 F.3d at 383 (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)).

9

"While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell v. McKinney*, 759 F.3d 573, 580–81 (6th Cir. 2014) (citing *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010)).

For the subjective component to be met, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Wilson*, 501 U.S. at 320–21 (internal quotation marks omitted); *see also Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010). Considerations relevant to this inquiry include "the need for the application of force, the relationship between the need and the amount of force that was used and the extent of injury inflicted." *Williams*, 631 F.3d at 383 (quoting *Whitley v. Albers,* 475 U.S. 312, 321 (1986)).

Plaintiff claims that on May 8, 2018, Defendant Robinson choked Plaintiff and hit him in the ribs [Doc. 2 p. 4]. Additionally, Plaintiff alleges that Defendant Kennedy also choked him while placing him in handcuffs [*Id.*]. Lastly, Plaintiff identifies Defendant Darty as a green team officer who allegedly further attacked him [*Id.* at 3]. Therefore, at this stage, the Court finds that Plaintiff's factual allegations, accepted as true, are sufficient to satisfy an excessive force claim under the Eighth Amendment against Defendants Robinson, Kennedy, and Darty in their individual capacities. *See* 28 U.S.C. § 1915A.

### D. Plaintiff's Remaining Claims

First, Plaintiff alleges that he needs dental work, and that the State does not provide root canals [Doc. 2 p. 5]. The Eighth Amendment's ban against cruel and unusual punishment requires prison authorities to provide medical care for prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* Thus, "[a] constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo Cty.,* 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The subjective component requires an inmate to show a prison official possessed a culpable state of mind. *Id.* "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit,* 408 F.3d 305, 312 (6th Cir. 2005) (internal citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes,* 398 F.3d 868, 875 (6th Cir. 2005) (quoting *Farmer*, 511 U.S. at 836). Lastly, negligence will not support a § 1983 claim for denial of medical care. *See Farmer*, 511 U.S. at 837; *Gibson v. Foltz,* 963 F.2d 851, 853 (6th Cir. 1992).

However, Plaintiff fails to allege the personal involvement of any named Defendant in the lack of dental care. *See Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014) (holding a plaintiff must demonstrate the personal involvement of each defendant they seek to hold liable). In order for a prisoner to prevail on an Eighth Amendment claim, he must allege that he faced a sufficiently serious risk to his health or safety, and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler,* 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). Plaintiff fails to allege that any Defendant was aware of facts from which they could infer that he faced a substantial risk of harm, and that they actually drew that inference. *See Farmer*, 511 U.S. at 837. Plaintiff solely alleges that the State did not offer a root canal as treatment. "[T]he decision by jail officials to extract plaintiff's tooth, rather than perform a root canal to save the tooth, does not evince deliberate indifference on their part towards plaintiff's dental needs." *Robinson v. Caruso*, No. 08-14069, 2010 WL 1257497, at *2 (E.D. Mich. Mar. 29, 2010) (citing *Campbell v. St. Clair Cty. Jail,* No. 2:08–CV–10224, 2008 WL 186376, at *2 (E.D. Mich. Jan. 22, 2008)). Ultimately, as Plaintiff fails to allege that any named Defendant acted in deliberate indifference to his health and safety, Plaintiff's Eighth Amendment medical claims fail to state a claim for relief under § 1983, and will be **DISMISSED**.

Next, Plaintiff claims that he has been placed on a maximum security classification, and that he has "no access to a legal library" [Doc. 2 p. 5]. The Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility

or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976); *see, e.g.*, *McKinney v. Smith*, No. 1:18-cv-603, 2018 WL 3197434, at *5 (W.D. Mich. June 29, 2018) (collecting Supreme Court and Sixth Circuit cases for the proposition that prisoners have no constitutional right to be placed in a specific facility, housing assignment, or security classification). Therefore, Plaintiff's claims regarding his placement in a maximum security classification fail to state a claim for relief under § 1983, and will be **DISMISSED**.

With respect to Plaintiff's factual allegations regarding the lack of access to a law library, it is well established that prisoners have a constitutional right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, any inmate who claims he was denied such access must "demonstrate that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To demonstrate that the lack of access has hindered his efforts to pursue a legal claim, an inmate must establish that the prison official impeded his pursuit of a non-frivolous post-conviction or civil rights action, i.e., a denial or dismissal of a direct appeal, habeas petition, or civil rights case seeking to vindicate basic constitutional rights. *Id.* at 348–54; *see also Pilgrim v. Littlefield*, 92 F.3d 414, 415–16 (6th Cir. 1996) (noting a plaintiff must show prejudice, such as the late filing of a court document or the dismissal of a non-frivolous claim resulting from the inadequate access).

Plaintiff has not made any such showing because he has failed to plead facts, which, if taken as true, show that the lack of access to the law library hindered his efforts to pursue non-frivolous legal claims. *See Hadix v. Johnson*, 182 F. 3d 400, 404 (6th Cir. 1999) ("An inmate must demonstrate an 'actual injury,' which, the Court said, cannot be shown 'simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense.") (quoting *Lewis*, 518 U.S. at 351). Ultimately, the right of access to the court system has never been equated with unlimited access to legal materials and assistance. *See Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir. 1985); *see, e.g.*, *Lewis*, 518 U.S. at 351 (holding a sub-par library or legal assistance program does not establish relevant actual injury). Therefore, Plaintiff's complaint fails to set forth facts, which, even if liberally construed, support a claim for the denial of meaningful access to the courts, and his access to the court claims will be **DISMISSED**.

Lastly, Plaintiff alleges that he has "lost all of [his] property, pictures, mail, [and] legal mail" [Doc. 2 p. 5]. Initially, Plaintiff's claims regarding the loss of his property are conclusory, as allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moreover, Plaintiff's factual allegations regarding confiscation of his property implicate the Due Process Clause of the Fourteenth Amendment. U.S. Const. amend. XIV, § 1. However, a plaintiff may not maintain an action under § 1983 for a deprivation of personal property where an adequate post-deprivation state remedy exists to address the

claim, and there are not allegations that the procedures are inadequate. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (discussing intentional deprivation of property); *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981) (addressing negligent deprivation of property), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986). The statutes governing the Tennessee Claims Commission, Tenn. Code Ann. § 9-8-301 *et seq.*, provide Plaintiff with a post-deprivation state remedy for this claim, and Plaintiff has not alleged that this state remedy is somehow inadequate.[1] Accordingly, Plaintiff's allegations regarding the deprivation of his property fail to state a claim upon which relief may be granted under § 1983, and will be **DISMISSED**. *See Benson v. Carlton,* 229 F.3d 1150 (Table), 2000 WL 1175609, at *1 (6th Cir. Aug. 9, 2000) (affirming dismissal of pro se prisoner's claim for failure to allege inadequate state remedy).

IV. **PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Plaintiff also filed a motion to appoint counsel on July 26, 2018 [Doc. 3]. Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under § 1915(e)(1) is not a constitutional right in a civil action; as the district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment. *Lavado v. Keohane,* 992 F.2d 601, 604–606 (6th Cir. 1993). In making this determination, the Court considers the nature of the case, the party's ability to represent himself, the complexity of

---

[1] Tennessee's statutory post-deprivation remedy has been found to satisfy the requirements of due process. *See McLaughlin v. Weathers,* 170 F.3d 577, 581–82 (6th Cir. 1999).

the legal and factual issues, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.*

After careful consideration of Plaintiff's motion, including the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claims, this Court is of the opinion that counsel is not necessary at this time to ensure that Plaintiff's claims are fairly heard. *See Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Accordingly, Plaintiff's motion for the Court to appoint counsel [Doc. 3] will be **DENIED**.

## V. CONCLUSION

This action will proceed only as to Plaintiff's Eighth Amendment excessive force claims against Defendants Robinson, Kennedy, and Darty in their individual capacities. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendants Robinson, Kennedy, and Darty. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within **twenty days** of receipt of this Memorandum Opinion and Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to timely return the completed service packets could jeopardize his prosecution of this action.

Defendants Robinson, Kennedy, and Darty **SHALL** answer or otherwise respond to the complaint within **twenty-one days** from the date of service. If any Defendant fails to timely respond to the complaint, judgment by default may be entered against him.

Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

Therefore, for the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**. Nonetheless, Plaintiff will be **ASSESSED** the filing fee of three hundred and fifty dollars ($350), and shall follow the procedures as outlined in this Order;

2. Plaintiff's motion to appoint counsel [Doc. 3] is **DENIED**;

3. Plaintiff's official capacity claims against all Defendants are **DISMISSED**;

4. Plaintiff's medical deliberate indifference claims, claims regarding his placement in a maximum security classification, access to the court claims, and claims regarding the deprivation of his property are **DISMISSED**;

5. Defendants Moore, Shannon, and Jones will be **DISMISSED** as Defendants to the present action; and

6. This action will proceed only as to Plaintiff's Eighth Amendment excessive force claims against Defendants Robinson, Kennedy, and Darty in their individual capacities. The Clerk is **DIRECTED** to send Plaintiff a service packet for Defendants Robinson, Kennedy, and Darty.

**IT IS SO ORDERED.**

                                        s/ Thomas A. Varlan
                                        CHIEF UNITED STATES DISTRICT JUDGE